**IN THE UNITED STATES BANKRUPTCY COURT FOR**

**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br>CARIBBEAN PHARMACIES LLC,<br><br>Debtor. | CASE NO. 26-03810-MAG11<br>Chapter 11—Subchapter V<br><br>FILED & ENTERED ON 11/06/2026 |

**OPINION AND ORDER**

On August 14, 2026, Caribbean Pharmacies, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and elected treatment under Subchapter V. Dkt. #1. Pending before the court is the Motion to Dismiss filed by Minalis M. Pantoja Serrano and Antonio Pantoja Serrano (collectively, the "Movants") at Dkt. #22, seeking dismissal with prejudice. The court has considered the Motion to Dismiss, the Debtor's Opposition at Dkt. #34, the Movants' Reply at Dkt. #50, the Debtor's Sur-Reply at Dkt. #52, the Joint Pre-Trial Report at Dkt. #53, the arguments presented during the evidentiary hearing held on October 22, 2026 (Dkt. #68), and applicable law.

For the reasons stated below, the court concludes that the Debtor's voluntary bankruptcy petition was not properly authorized under the law and operative judicial directives governing the Debtor when the petition was filed. Therefore, dismissal is warranted. However, the court further concludes that the Movants have not established cause for dismissal with prejudice or for an additional prospective refiling restriction under 11 U.S.C. § 349(a). As such, the Motion to Dismiss is granted in part, for the case is dismissed without prejudice.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. RELEVANT BACKGROUND

The Debtor is a limited liability company organized under Puerto Rico Law on May 29, 2019. At its inception, Mr. Christian Pagán Rivera ("Mr. Pagán") registered the entity, identifying himself as its organizer, resident agent, and sole member. Dkt. #53, at p. 4. The Movants were not included in that registration. Id. On May 4, 2020, the Movants commenced an action against Mr. Pagán and the Debtor in the Puerto Rico Court of First Instance, Bayamón Part, captioned Pantoja Serrano v. Pagán Rivera, Civil No. VA2020CV00056. Dkt. #22, at p. 1. The litigation concerned, among other matters, the parties' respective ownership interests in the Debtor and their rights concerning its administration and operations.

Following a trial held on August 12 -14, 2025, the state court entered a judgment on June 12, 2026, notified on June 15, 2026 (the "Judgment"). Dkt. #53, at p. 4-5. As reflected in the certified English translation, the Judgment recognized a 25% interest for each Movant and a 50% interest for Mr. Pagán in the Debtor and its assets. Id. The Judgment ordered the immediate restoration of the Movants' interests, access to bank accounts and company records, and full participation in the business' administrative, operational, and managerial decision-making. Id. The Judgment also prohibited the Debtor and Mr. Pagán from selling or transferring interests, shares, or business assets without the Movants' express written authorization. Id. at 5-6. It provided that the Movants, together with Mr. Pagán, could participate in commercial and

banking transactions and that decision-making authority would correspond to their respective interests. Id.

On June 30, 2026, the Debtor and Mr. Pagán sought reconsideration, amended findings, a stay, and other relief from the state court. Id. at 6. Those requests were denied on July 14, 2026. Id. On July 22, 2026, the state court entered an Urgent Order reiterating the Judgment's directives concerning ownership, access to information, and participation in the Debtor's operations. Id. Among other provisions, paragraph 8 stated that "any decision related to" the business "must be discussed and authorized by the plaintiff [the Movants]" until the parties met and determined how the business would be managed and what their respective administrative, operational, and managerial roles would be. Dkt. #54, at p. 35.

On July 23, 2026, the state court issued an additional Interlocutory Resolution restricting Mr. Pagán from authorizing disbursements or borrowing funds without the express written consent of at least one of the Movants. Dkt. #54, at p. 41. On August 3, 2026, Mr. Pagán sought certiorari and interim relief in aid of jurisdiction in proceeding TA2026CE01001. Dkt. #53, at p. 7. On August 4, 2026, the Puerto Rico Court of Appeals declined to grant that interlocutory relief. Id.

On August 13, 2026, Mr. Pagán executed a written resolution identifying himself as the Debtor's sole member and authorizing a voluntary bankruptcy filing. Id. The resolution did not reflect either Movant's participation or approval. Dkt. #50, at p. 2. The Debtor commenced this case on August 14, 2026. Dkt. #1. That same day, Mr. Pagán and the Debtor filed direct appeals from the Judgment in proceedings TA2026AP00901 and TA2026AP00903, respectively. Dkt. #53, at p. 7. The parties agree that the Debtor had not obtained a stay of the Judgment before

filing its petition. Id. Based on the present record, no limited liability company agreement existed as of the petition date. See Dkt. #22 at p.7.

**a. Movants' Position**

The Movants contend that Mr. Pagán lacked authority to authorize the bankruptcy filing unilaterally. They rely primarily on the Judgment, the Urgent Order, and the Interlocutory Resolution. Dkt. #22, at pp. 1-11. In their view, those directives were in effect when the petition was filed and prevented Mr. Pagán from exercising exclusive decision-making authority over the Debtor. Dkt. #53, at pp. 8-9, 17-18. The Movants argue that Price v. Gurney, 324 U.S. 100, 106 (1945), requires dismissal because the Movants neither participated in nor authorized the August 13 written resolution approving the filing. Dkt. #53, at p. 15. They identify Chapter XIX of Act No. 164-2009, as amended, commonly known as the Puerto Rico General Corporations Act (the "Act"), 14 L.P.R.A. § 3951 et seq., as the applicable statutory framework. Id. at 16-17.

Alternatively, the Movants argue that the filing attempted to circumvent the state court's directives and warrants dismissal for bad faith under 11 U.S.C. § 1112(b), dismissal or abstention under § 305(a), and a prospective restriction under § 349(a). Id. at 19-20. However, the Movants do not seek permanent prohibition of bankruptcy relief. Id. at 19. Instead, they request a restriction preventing another bankruptcy filing without the joint authorization they contend the Judgment requires while it remains effective. Id.

**b. Debtor's Position**

The Debtor maintains that Mr. Pagán remained its sole member of record when he authorized the filing. Id. at 20. It argues that the Judgment recognized a civil-law partnership but did not automatically admit the Movants as members of the Debtor. Id. at 21. According to the Debtor, the Judgment's directive to restore the Movants' participation in the Debtor contemplated

further action that did not occur before the petition date (or since). Id. The Debtor also argues that the Urgent Order and the Interlocutory Resolution regulated commercial, banking, and operational transactions, not bankruptcy filings, and should not be construed as imposing a consent requirement for access to federal bankruptcy relief. Id. at 22.

The Debtor further asserts that it operates a pharmacy with substantial obligations unrelated to the ownership dispute. It identifies $798,853.47 in unsecured debt, of which $553,453.47 is owed to creditors other than the Movants, such as pharmaceutical wholesalers, the U.S. Small Business Administration, lenders, and taxing authorities. Id. at 14. The Debtor contends that reorganization is necessary to preserve operations. Dkt. #52, at p. 8. Finally, the Debtor denies bad faith and argues that dismissal with prejudice would improperly convert disputed governance rights into a prospective veto of bankruptcy relief. Dkt. #53, at p. 25.

## III. LEGAL STANDARD

### a. Authority to File a Voluntary Bankruptcy Petition Under Federal Law

Section 301(a) of the Bankruptcy Code provides as follows:

> (a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.

11 U.S.C. § 301(a). Although federal law governs the availability and consequences of bankruptcy relief, the authority to commence a voluntary bankruptcy case on behalf of a corporation organized under state law generally derives from applicable state law. Price v. Gurney, 324 U.S. 100, 106 (1945). If those purporting to act on behalf of the corporation lack the required authority, the bankruptcy court "has no alternative but to dismiss the petition." Id. However, an authorization defect may be cured by legally effective subsequent ratification. See In re Wynco Distributors, Inc., 126 B.R. 131, 132 (Bankr. D. Mass. 1991).

Bankruptcy courts within this circuit have applied such principle. See Thompson v. Daluise (In re Wet-Jet International, Inc.), 235 B.R. 142, 148 (Bankr. D. Mass. 1999) ("The source of a corporation's authority to file a bankruptcy petition is found in state law, not in the Bankruptcy Code."); In re N2N Commerce, Inc., 405 B.R. 34, 41 (Bankr. D. Mass. 2009) ("It is well-settled that a bankruptcy filing is a specific act requiring specific authorization."). The First Circuit Bankruptcy Appellate Panel has likewise explained that an unauthorized corporate filing requires dismissal and that the party seeking dismissal for lack of authority bears the burden of establishing that defect. Ostrander v. Dowd, BAP No. MS 22-033, slip op. at 16–18 (B.A.P. 1st Cir. June 27, 2023) (unpublished).

Price distinguishes between authority to act for the entity and a claimed entitlement to obtain that authority: "It is not enough that those who seek to speak for the corporation may have the right to obtain that authority." 324 U.S. at 106. Consequently, a claimed entitlement to obtain ownership or managerial control through future proceedings does not, without more, establish present authority to authorize a bankruptcy filing. See Id. at 106-107. The relevant inquiry ordinarily concerns whether the filing was authorized under applicable nonbankruptcy law when the petition was filed, including whether a valid prepetition authorization remained effective, subject to any legally effective subsequent ratification. See Wynco, 126 B.R. at 132; In re Avalon Hotel Partners, LLC, 302 B.R. 377, 380-81 (Bankr. D. Or. 2003). A change in identity or status of the individuals who previously authorized a filing does not necessarily invalidate an otherwise effective and unrescinded authorization. See Wynco, 126 B.R. at 132.

Although Price involved a corporation, bankruptcy courts have applied its rule concerning filing authority to limited liability companies. See In re NNN 123 N. Wacker, LLC, 510 B.R. 854, 858 (Bankr. N.D. Ill. 2014) (citing Price and explaining that the same rule applies

to LLCs). Therefore, authority to commence a voluntary bankruptcy case on behalf of an LLC generally must be evaluated under applicable state law and the LLC's governing agreement, including applicable requirements for manager or member approval and any legally effective subsequent ratification. See Id.; Avalon Hotel Partners, 302 B.R. at 380–81.

**b. Puerto Rico Law Governing Limited Liability Companies**

A limited liability company organized under Puerto Rico law is governed by the Act and its limited liability company agreement. See 14 L.P.R.A. § 3951 et seq. Puerto Rico law separately addresses admission to membership and the authority to manage or bind a limited liability company. See 14 L.P.R.A. §§ 3968, 3973.

Article 19.18 of the Act, codified at 14 L.P.R.A. § 3968, governs admission to membership. Article 19.23 of the Act, codified at 14 L.P.R.A. § 3973, provides that, unless otherwise provided in the limited liability company agreement, management is vested in the members in proportion to their respective interests in the company's profits, and management decisions are made by members holding more than 50% of those interests. An agreement may instead vest management, in whole or in part, on one or more managers. 14 L.P.R.A. § 3973. Section 3973 also states that, unless otherwise provided in an agreement, each member and manager has authority to bind the company. Id.

Because no limited liability company agreement existed as of the petition date, no agreement displaced the statutory defaults under 14 L.P.R.A. § 3973. Nevertheless, the court must determine whether operative judicial directives limited the exercise of the authority over the Debtor on which Mr. Pagán relies.

**c. Effect of the Puerto Rico Judgment and Pending Appeals**

Under 28 U.S.C. § 1738, federal courts generally give a Puerto Rico judgment the same preclusive effect that it would receive in Puerto Rico courts. See 28 U.S.C. § 1738. Puerto Rico law generally requires a judgment to be final and unappealable ("final y firme") before it acquires claim-preclusive effect. See Cruz v. Melecio, 204 F.3d 14, 18-21 (1st Cir. 2000). However, preclusive finality is distinct from the continuing operative effect of judicial directives during appellate review.

Puerto Rico Rule of Civil Procedure 52.3(a) generally stays proceedings in the lower court concerning an appealed judgment or the issues covered by the appeal. P.R. R. Civ. P. 52.3(a). Rule 52.3(d), however, provides that the effects of a decision from which appeal is taken or review sought shall not be stayed unless otherwise ordered by the appellate court, on its own initiative or on motion of a party, and which includes an injunction or cease or desist order among others. P.R. R. Civ. P. 52.3(d). When appellate review is sought of an order or judgment granting, dissolving, or denying an injunction, Rule 57.7(a) allows the trial court, in its discretion, to suspend, modify, restore, or grant an injunction during review on appropriate terms protecting the adverse party's rights. P.R. R. Civ. P. 57.7(a). Rule 57.7(b) preserves the appellate court's authority to grant corresponding relief. P.R. R. Civ. P. 57.7(b).

As such, the court must examine the relevant state-court directives, including their character and scope, together with any applicable stay or modification, to determine their effect when the petition was filed. That inquiry does not entail appellate review of the merits of the Puerto Rico judgment. Rather, it concerns whether the Debtor's petition was authorized under the legal requirements governing the Debtor when the case commenced, as per the state court rulings.

**d. Dismissal Without Prejudice Under 11 U.S.C. § 349(a)**

Section 349(a) of the Bankruptcy Code establishes the ordinary consequence of dismissal:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). Thus, dismissal ordinarily is without prejudice to a subsequent bankruptcy filing, unless the court orders otherwise for cause. See Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006). Importantly, a finding that a voluntary petition was unauthorized does not resolve whether the entity has an otherwise meritorious basis for seeking bankruptcy relief. See Price, 324 U.S. 100 at 107. Therefore, whether a filing was undertaken in bad faith or otherwise sufficiently abusive to warrant prospective prohibition against bankruptcy relief is a separate inquiry and a court must separately evaluate the requested restriction to determine whether cause exists to depart from the ordinary operation of § 349(a), which is a dismissal without prejudice. See In re Gonzalez-Ruiz, 341 B.R. 371 at 386.

## IV. DISCUSSION AND FINDINGS

**a. Mr. Pagán Lacked Authority to Authorize the Filing Unilaterally**

The principal inquiry is whether Mr. Pagán possessed the authority to single handedly decide to file a voluntary Chapter 11 petition on behalf of the Debtor without the participation or authorization of the Movants, as required by the state-court directives. The parties agree that Puerto Rico law governs the authorization inquiry under Price. Dkt. #53, at pp. 15, 20. Because no limited liability company agreement existed when the petition was filed, the is no contractual provision requiring the Movants' approval for the bankruptcy filing of the Debtor. Additionally,

the court need not decide whether the Judgment alone entailed Movants' formal admission as members of the Debtor. Instead, the court must determine whether the state-court orders restricted Mr. Pagán's otherwise asserted statutory authority to act unilaterally. Importantly, even if Mr. Pagán remained the only formally admitted member of the Debtor, that status does not resolve the effect of a judicial directive in effect, specifically limiting his unilateral exercise of decision-making authority.

The Judgment required the Movants' full participation in administrative, operational, and managerial decision-making. Dkt. #53, at p. 5. The Urgent Order reiterated those requirements. Id. at 6. The dispositive provision is paragraph 8 of the Urgent Order, which requires "any decision related to" the business to be "discussed and authorized by the plaintiff" until the parties determine their management arrangements. Dkt. #54, at p. 35. Importantly, the court does not need to find whether a bankruptcy filing is equal to a sale, transfer, borrowing transaction, or disbursement in the context of the Judgment and the Interlocutory Resolution, as proposed by the Movants, which were prohibited without Movants involvement. Dkt. #22, at p. 2.

Instead, paragraph 8 of the Urgent Order directly addresses authorization of company decisions. Read in the context of the Judgment and the Urgent Order in its entirety, it requires more than merely notice to or consultation with the Movants. It establishes an interim approval requirement for decisions concerning the business. The court concludes that filing for bankruptcy falls within that provision's scope and the directive contains no exception permitting Mr. Pagán to make that decision unilaterally. Paragraph 8 established an interim approval requirement governing the authorization of company decisions over the Debtor. Dkt. #54, at p. 35. During that arrangement, decisions concerning the business required discussion with and authorization by the Movants. Thus, the directive governed the approval necessary for a company decision

such as a bankruptcy filing, rather than merely requiring notice after Mr. Pagán had unrestricted authority.

Based on the present record, the interim arrangement remained in effect when the petition was filed as the parties had not completed the meeting and determination of management arrangements contemplated in paragraph 8, and neither Movant authorized the bankruptcy filing. Additionally, the court need not determine whether paragraph 8 required approval by one or both Movants because neither authorized the filing. Therefore, the August 13 resolution, executed by Mr. Pagán alone, did not satisfy the state-court mandate, in effect at that time, requiring Movants' approval.

Further, the court recognizes 14 L.P.R.A. § 3973's default provision that each member and manager may bind the LLC. The court also recognizes that the Debtor relies on Mr. Pagán's status as its sole member of record. Nevertheless, Mr. Pagán's status as a member and his authority to act unilaterally are distinct questions. Section 3973's statutory framework supplies a general authority, but the court may not ignore the specific interim directive governing approval of company decisions. As such, Mr. Pagán's reliance on the statutory default fails to consider that paragraph 8 restricted his decision-making authority on behalf of the Debtor.

Clearly the state-court orders do not contain a prohibition to file bankruptcy. Rather, paragraph 8 allocated participation and authorization rights over business decisions during an interim management arrangement. Therefore, the court must take into account that allocation in determining whether this petition was authorized. Additionally, the Debtor's potential need for bankruptcy relief does not cure the deficient authority in the decision to file the petition. This is a voluntary petition of a limited liability company, and the first step is to show that the decision to file was made in accordance with the law. Although the Debtor asserts substantial obligations to

unrelated creditors and a need to preserve pharmacy operations, those reasons for seeking relief are distinct from whether the filing was lawfully authorized. See Price, 324 U.S. at 106–07; Ostrander, slip op. at 4, 16–18.

The court next considers the effect of the pending appeals. The Debtor correctly distinguishes an appealed judgment from one that is final and unappealable for purposes of ordinary claim preclusion under Puerto Rico law. See Cruz v. Melecio, 204 F.3d 14 at 18-21. However, that distinction does not independently establish that paragraph 8 ceased to operate during appellate review. Paragraph 8 directs affirmative conduct, mainly discussion and authorization before making company decisions, and restricts unilateral decision-making during the interim arrangement. Dkt. #54, at p. 35. Therefore, it constitutes an order to act or desist as per Rule 52.3(d), and its effect was not automatically stayed by the filing of an appeal. See P.R. R. Civ. P. 52.3(d).

The court relies on the character and scope of paragraph 8, the applicable procedural rule, and the absence of an order suspending or modifying that requirement before the petition was filed. The state court denied the requested reconsideration and stay on July 14, 2026. Dkt. #53, at p. 6. The Puerto Rico Court of Appeals declined the requested interim relief on August 4, 2026. Id. at 6-7. This court has not identified from the record presented an order suspending or modifying the effectiveness of paragraph 8 before the petition date.

Although the direct appeals and bankruptcy petition were filed on the same day, the court need not look at their precise filing sequence because Paragraph 8 remained in effect whether the direct appeals preceded or followed the bankruptcy petition pursuant Rule 52.3(d). Therefore, the court concludes that the interim authorization requirement was effective at the time of the filing regardless the filing of the appeals.

The court has also considered whether subsequent events validated the initially unauthorized filing. See Wynco, 126 B.R. at 132; Avalon Hotel Partners, 302 B.R. at 380-81. The present record does not establish any such legally effective ratification. The Movants have opposed the filing, and no superseding agreement, judicial modification, or authorizing act has been established that supplied the approval missing from the August 13 resolution. Further, Mr. Pagán's asserted authority as sole member of record for the Debtor does not itself cure that defect. The defect concerns the approval required while paragraph 8 remained in effect, not merely the designation appearing in the Debtor's organizational registration. Therefore, the Movants have carried their burden of establishing that the unilateral resolution did not legally authorize this petition under the requirements governing the Debtor. And because no legally effective subsequent ratification has been established, dismissal is warranted under Price. 324 U.S. at 106.

**b. Dismissal Without Prejudice is Appropriate**

The court separately considers the Movants' request for dismissal with prejudice and an additional prospective authorization restriction under 11 U.S.C. § 349(a). The timing of the filing, following the Judgment and the July orders, warrants scrutiny. The court has considered the Movants' contention that the petition attempted to circumvent their participation rights. It has also considered the Debtor's assertions concerning financial distress, obligations to unrelated creditors, and preservation of ongoing operations. And the court notes that ruling that the bankruptcy filing was not properly authorized does not automatically establish sufficient cause to restrict future bankruptcy relief.

Considering these circumstances and the scope of the relief requested, the court finds that the Movants have not established sufficient cause to justify an additional prospective filing

restriction under § 349(a). The absence of a pattern of abusive filings is relevant, but the court does not treat repeated filings as a prerequisite to relief under § 349(a). Rather, the court considers the circumstances presented and the scope of the restriction requested. The Movants seek to prevent another filing without the authorization they contend the state-court orders require while those directives remain in effect. Any subsequent bankruptcy filing must satisfy the applicable authorization requirements, including the judicial orders in effect at such time.

Importantly, it is this court's opinion that a restriction on a subsequent filing could adversely affect the Debtor's right to seek relief under the Bankruptcy Code if such relief is needed. The court declines to impair the Debtor's ability to seek future bankruptcy relief if such filing is duly authorized in accordance with the law, the state court orders and this opinion.

**c. Alternative Grounds**

Because dismissal is warranted for lack of authorization under Price, the court does not reach the Movants' alternative grounds for dismissal or abstention under 11 U.S.C. §§ 1112(b) and 305(a). As such, the court's consideration of alleged abusive circumstances surrounding the filing is limited to determining whether the additional relief requested under § 349(a) is warranted. The court's conclusion that the Movants have not established cause for that relief does not adjudicate their separate bad-faith theory under § 1112(b). Dismissal without prejudice does not mean that Mr. Pagán may file another petition on behalf of the Debtor under the same resolution or upon the same asserted authority. Any filing must be properly authorized under applicable law, the Debtor's governing documents, and operative judicial directives in effect. Nothing in this ruling prevents Caribbean Pharmacies, LLC, acting through the people possessing the required authority, from seeking bankruptcy relief in the future if otherwise

permitted by law. The court imposes no additional restriction on future filings pursuant to 11 U.S.C. § 349(a).

## V. CONCLUSION

For the foregoing reasons, the court concludes that the Debtor’s voluntary bankruptcy petition was not properly authorized under the law governing the Debtor when the petition was filed. Therefore, dismissal is warranted. The court further concludes that the Movants have not established sufficient cause to impose dismissal with prejudice or for an additional prospective refiling restriction under 11 U.S.C. § 349(a).

As such, the Motion to Dismiss is granted in part, and the case is dismissed without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of November 2026.

María de los Ángeles González
United States Bankruptcy Judge